(29)                    WATSON v. MUSICK.

1. In an action on the case for words spoken, they should be laid in the declaration as they were uttered.
2. The evidence must prove such of the words as will suffice to sustain the declaration—it will not do to prove equivalent expressions.
3. When there is any alternative evidence before the jury, the Court should instruct the jury hypothetically.

ERROR to St. Louis Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

This is an action on the case brought by Watson, the plaintiff in error, against the defendant in error, Musick, for words spoken. The declaration contains two counts—the words charged to have been spoken in the first are: "You," meaning said Watson, "are a hog stealer, you stole two hogs from Murphy, the way you make out your living is by using other men's property." The words alledged to have been spoken in the second are: "He," meaning the said Watson, "is a hog stealer, he stole two hogs from Murphy; the way he makes his living is by using other men's property." The plea was not guilty; verdict and judgment for the defendant. To reverse this judgment, plaintiff prosecutes his writ of error.

On the trial it was proved that the defendant spoke of the plaintiff these words: "Now any body may steal hogs as he would not have to pay for them;" and then addressing himself to the plaintiff, spoke these words: "Murphy said you stole two of his hogs, and I can prove he said it." On the cross examination of Andrew Link, a witness, he said he was not sure whether the words used by the defendant were, "You stole two hogs from Murphy," or, "Murphy told me you stole two of his hogs, and I can prove he said so." It was proved by other witnesses that the defendant spoke these words to the plaintiff: "Murphy told me that you stole two of his hogs, and I can prove that he said so." The testimony of Link, as well as that of the other witnesses, refers to words spoken by the defendant immediately after a trial of a cause before a Justice of the Peace, mentioned by them; and all the witnesses probably refer to the same conversation. It was also proved that, at the time above referred to, the defendant said to the plaintiff, in the presence of the same witnesses, "I don't live upon other men's property." The plaintiff also proved that previous to the same time, the defendant had told James Walton that the plaintiff, Watson, had taken his (the defendant's) hogs, and that he would make him pay for (30) it; no other material evidence was offered.

The Court, at the request of the defendant, instructed the jury:

First. If they find from the evidence, that the words spoken by the defendant were "now any body might steal hogs, as he would not have to pay for them," or words of the same import, they do not support the declaration.

Second. If the words spoken by the defendant were, "the Murphys said you stole hogs, and I can prove they said so, and more than that, I don't live upon other men's property," or words of the same import—the declaration is not supported.

50*

Third. If the jury find from the evidence, that defendant did but re-publish a slander invented by another, and at the same time such re-publication was accompanied by the author's name, such re-publication does not support the declaration. The Court gave the instruction as required.

The plaintiff then asked these instructions:

First. If the jury shall be of the opinion, that by the words "now any body might steal hogs, as he would not have to pay for them," the defendant intended to say the plaintiff had stolen a hog or hogs, they shall find for the plaintiff.

Second. That if by the words "I don't live on other men's property," the jury shall be of opinion, the defendant intended to say that the plaintiff lived on other men's property, they shall find for the plaintiff.

Third. That if the jury shall be of opinion, from the whole of the evidence, that said defendant charged the plaintiff with stealing the hogs of Murphy, they shall find for the plaintiff.

Fourth. That if they shall be of opinion, from the whole of the evidence, that said defendant charged said plaintiff with having taken the hog of the defendant, by stealing the same, they shall find for the plaintiff.

The Court refused to give the instructions asked by the plaintiff. The slanderous words should be stated as they were uttered, 1 *Chitty*, 384; for this, there is the most obvious reason, viz: to inform the defendant against what charge he must defend himself. It is not, certainly, expected, that every word is to be proved exactly as laid in the declaration, but he must prove such of them as will suffice to sustain his declaration, and it will not suffice to prove equivalent expressions; see same author, same page, and the authorities cited. Had the words, proved by the plaintiff to have been spoken by the defendant, been charged in the declaration to have been spoken (31) by the defendant, it is probable that by an apt reference to the subject on which the defendant was conversing, the proof of slander might have been made out by the testimony here produced: but it seems very clear that the words, "now any body might steal hogs, as he would not have to pay for them," ought not to be admitted to sustain a declaration charging the defendant with saying to the plaintiff "you are a hog stealer, you stole hogs from Murphy," &c. It is the opinion of the Court, that all the instructions asked by the defendant, were properly given. The plaintiff cannot sustain his declaration by proving that the defendant re-published a charge made against the plaintiff by another person. The third instruction asked for by the plaintiff is, "that if the jury shall be of opinion, from the whole of the evidence, that said defendant charged the plaintiff with stealing the hogs of Murphy, they shall find for the plaintiff." Link, a witness introduced by the plaintiff, on cross-examination, said he was not certain whether the words used by the defendant were "you stole two hogs of Murphy," or "Murphy told me you stole two of his hogs, and I can prove he said so;" although the other witnesses, referring, probably, to the same conversation, proved the latter words to have been spoken, and thereby seemed to exclude the probability of the former, to-wit: "you stole two of Murphy's hogs," having been used by the defendant, yet still the Court ought to have left the jury at liberty to find these words to have been the words spoken by the defendant, they would have supported the first count, if the jury could have believed them to be the language of the defendant. This instruction was of so general a character, that the Circuit Court probably lost sight of the alternative statement of the evidence by

Link. This instruction should, in the opinion of the Court, have been given. The other instructions asked by the plaintiff, were properly refused.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings.

